IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00069-KDB-DCK

| | |
|---|---|
| ALAN HUBBS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHARLOTTE,<br>JEFFREY WHEATON, JENNA<br>PARKER AND C. LAI,<br><br>Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss (Doc. No. 10). The Court has carefully considered this motion and the parties' briefs in support and in opposition. For the reasons discussed below, the Court will **GRANT** the motion.

I.     **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

**A. Rule 12(b)(2)**

Under Federal Rule of Civil Procedure 12(b)(2), Plaintiff bears the burden of establishing proper process and proper service of process. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). A summons must be issued and served in accordance with the Federal Rules of Civil Procedure before a federal court may exercise personal jurisdiction over a defendant. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). When process or service of process

1

is deficient, dismissal is proper under Rule 12(b)(2) for lack of personal jurisdiction. *See, e.g., Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

### B. Rules 12(b)(4) and (12)(b)(5)

Prior to the exercise of personal jurisdiction, Plaintiff must satisfy the procedural requirement of service of a summons. *Omni Capital Int'l, Ltd.,* 484 U.S. at 104; *see also ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 620 (4th Cir. 1997) ("a federal court's exercise of jurisdiction over a person is closely linked to effective service of process."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons." *Id.*

A motion to dismiss under Rule 12(b)(4) challenges the sufficiency or form of the process itself, while a motion to dismiss under Rule 12(b)(5) challenges the sufficiency of the act of service of process. *See* Fed. R. Civ. P. 12(b)(4), (b)(5). In essence, a Rule 12(b)(4) motion to dismiss objects to a defect in the content of the documents served, while a Rule 12(b)(5) motion to dismiss objects to a defect in the act (or lack) of delivery. *See, e.g.*, 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004).

Once the sufficiency of process or service of process is challenged by a motion to dismiss, Plaintiff bears the burden of establishing process was sufficient and service of process was effectuated in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Scott v. Md. State Dep't of Labor*, 673 F. App'x 299, 304 (4th Cir. 2016) (*per curiam*) (internal citation omitted); *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003).

2

Case 3:25-cv-00069-KDB-DCK   Document 18   Filed 09/09/25   Page 2 of 8

**C. Rule 12(b)(6)**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to expose deficient allegations "at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In evaluating whether a claim is sufficiently stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009); *see Twombly*, 550 U.S. at 555 (A claim will not survive a motion to dismiss if it contains nothing more than "labels and conclusions, and a formulaic recitation of a cause of action's elements."). That said, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (internal citation and quotation marks omitted). In other words, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not

resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Finally, a *pro se* complaint, as here, must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where ... there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement does not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff Alan Hubbs alleges that he was driving on January 24, 2023, when an unmarked police car forced him to swerve out of his lane. (Doc. 1, p 4, ¶ 14). Later that day, Mr. Hubbs called internal affairs at the Charlotte-Mecklenburg Police Department ("CMPD"), but was unsuccessful in learning who was driving the police car. (Doc. 1, p 4, ¶ 14). On April 19, 2023, Plaintiff traveled to CMPD headquarters and began filming outside the building. (*Id.*). Plaintiff was then approached by Defendant Officer Jeffrey Wheaton and another officer, who allegedly threatened to arrest Plaintiff. (Doc. 1, p 4, ¶ 16). Plaintiff also learned Officer Wheaton was driving the unmarked police car on January 24, 2023. (*Id.*). On April 23, 2023, Plaintiff traveled to CMPD headquarters again, allegedly for the purpose of requesting bodycam video for the interaction that took place on April 19. (Doc. 1, p 4, ¶ 17). At that time, Defendant Officer C. Lai and another officer arrested Plaintiff for criminal stalking and confiscated Plaintiff's phone. (Doc. 1, pp 4-6, ¶¶ 17-19).

The criminal case against Plaintiff was dismissed in November 2023, and Plaintiff's phone was returned to Plaintiff on or about December 6, 2023. (Doc. 1, p 6, ¶ 19). Plaintiff filed his pro se Complaint on January 31, 2025 (Doc. 1), asserting four claims against Defendants, specifically

4

two 42 U.S.C. § 1983 claims for alleged violations of civil rights (one for false arrest and another for false imprisonment) (Doc. 1, pp 7-8); a claim for an alleged conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985(3) (Doc. 1, pp 8-9); and another false imprisonment claim in which Plaintiff alleges Defendants acted "in their official capacities" (Doc. 1, pp 8-9). Plaintiff states in the case caption that he is suing Defendants in their individual and official capacities. (Doc. 1, p 1).

Summonses to the Defendants were issued when Plaintiff filed his Complaint. On February 25, 2025, the summons issued to Officer Wheaton was returned executed, showing a service date of February 22, 2025 (Doc. 7). The summons issued to Defendant Officer Jenna Parker was returned executed on March 4, 2025, showing a service date of March 3, 2025 (Doc. 8). The summons issued to Defendant City was returned on March 24, 2025, showing that a private process server served process on the City Manager, through an administrative employee who stated that she was authorized to accept service. (Doc. 14). The Summons for Officer Lai was returned unexecuted, and Plaintiff requests additional time to complete that service. (Doc. 17).

Defendants have moved the Court to dismiss Plaintiff's Complaint against Defendants pursuant to Rules 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's claims against Defendant City and Officer Lai should be dismissed pursuant to Rules 12(b)(2), (4), and (5) because they were not properly served.[1] Defendants further seek dismissal of all of Plaintiff's claims against all Defendants pursuant to Rule 12(b)(6) for allegedly failing to state a claim for which relief can be granted.

---

[1] Defendants did not address service of process in their Reply brief (following return of the Summons to the City on March 24, 2025) so it is unclear if they are still asserting that argument as to the City.

## III.     DISCUSSION

While Defendants allege a number of reasons this action should be dismissed, including lack of service as to one or more of the Defendants, there is (at least) one threshold merits issue that supports dismissal of each of Plaintiff's claims.[2] As to Plaintiff's Section 1983 claims, both his claim for false arrest and false imprisonment require a finding of constitutional error in the individual Defendants' conduct. *See Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012) (constitutional claims arising under 42 U.S.C. § 1983 "require a predicate constitutional violation to proceed" because "supervisors and municipalities cannot be liable under § 1983 without some predicate 'constitutional injury at the hands of the individual [state] officer,' at least in suits for damages."); *Sigmon v. Brown*, No. 5:23-CV-00155-KDB-DCK, 2024 WL 4508580, at *3 (W.D.N.C. Oct. 16, 2024).[3]

Here, the constitutional reasonableness of the arrest is established as a matter of law because it was made pursuant to the execution of a facially valid warrant. *See Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) ("Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'") (citing *United States v. Leon*, 468 U.S. 897, 922 - 923 (1984)). Further, the substance of the warrant application, which details multiple instances of potential stalking behavior, makes clear that probable cause existed for the issuance of the warrant.

---

[2] Because it has determined that Plaintiff has failed to allege a plausible claim on the merits, the Court need not and does not reach Defendants' arguments challenging service and personal jurisdiction.

[3] Municipalities cannot be held vicariously liable under § 1983 solely on a respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

*See* Doc. 1-1. Therefore, in the absence of a viable allegation of a constitutional violation, Plaintiff's Section 1983 claims cannot proceed.

Plaintiff also purports to sue all Defendants in their official capacities. Suits against an officer in his official capacity are duplicative and "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell*, 436 U.S. at 690, n.55. For a municipality to be liable under § 1983, the constitutional deprivation must be caused "through an official policy or custom." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (citation omitted); *see also Monell*, 436 U.S. at 692. Here, Plaintiff's "official capacity" and *Monell* claims are unsupported by evidence of any unlawful official policy, custom or practice, or supervisory liability for an unspecified failure to train in addition to the absence of an underlying constitutional wrong. Therefore, Plaintiff's "official capacity" claims similarly will be dismissed. *See Lowe v. Cathey*, No. 3:24-CV-00507-KDB, 2024 WL 2981189, at *4 (W.D.N.C. June 13, 2024).

Finally, to successfully plead a claim under 42 U.S.C. § 1985(3), a plaintiff must allege that the defendants were motivated by a specific class-based, invidiously discriminatory animus. *See Estate of Valentine by & through Grate v. South Carolina*, 611 F.Supp.3d 99, 111 (D.S.C. 2019); *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011). However, all of Plaintiff's allegations relate to his own circumstances and fail to allege Defendants' actions were motivated by a discriminatory animus for a specific class of people (as distinguished from targeting Plaintiff himself on "a discriminatory basis," (Doc. 1, p 8, ¶ 31)). That is, Plaintiff fails to allege that Plaintiff belongs to a specific class of people or that Defendants discriminated against him because he belongs to a specific class of people. Accordingly, Plaintiff fails to state a plausible claim under 42 U.S.C. § 1985(3), and that claim will also be dismissed against all Defendants.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 10) is **GRANTED;**

2. Plaintiff's claims are **DISMISSED** with prejudice; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 9, 2025

Kenneth D. Bell
United States District Judge